precedent of not taxing the Commercial Aircraft ended? Why did CAD and the City get the warrant *ex parte*, instead of giving notice to JSW and opportunity to appear in court to respond to the new assertion of jurisdiction to tax. If there is jurisdiction, how much tax is due under Texas law? With an *ex parte* warrant there is no need to be accountable.

28. During the same time period JSW was preparing for its hearing before the ARB to assert lack of jurisdiction to tax its aircraft, valuation and to correct the Tax Rolls. The hearing was scheduled for July 17, 2018. It was postponed and now over two years later has not been conducted.

29. In accordance with CAD's procedures JSW requested in writing copies of the data, schedules, formulas and any other information the chief appraiser planned to introduce at the hearing.

30. CAD has not delivered the requested documents and information. To the date of this writing the documents and information have not been delivered. Numerous subsequent requests have been ignored.

31. CAD's failure to follow its procedures to place the property on the Appraisal and Tax Rolls, to provide JSW the requested documents and information, its failure to provide reasonable notice and time to respond to the change in taxable status, its failure to timely conduct the ARB hearing and the City's abuse of *ex parte* tax warrants collectively constitute an unconstitutional denial of due process of law under the United States Constitution's Fifth and Fourteenth Amendments.

## THE SECOND *EX PARTE* TAX WARRANT

32. On September 2, 2020 the City, its law firm and seven, armed sheriff's deputies stormed ATI's facilities to serve a newly acquired *ex parte* Tax Warrant. In addition to the exposed weapons, the deputies presented Criminal Investigation business cards to ATI's employees – an unnecessary, unlawful and excessive tactic of intimidation. However, on this new Tax Warrant CAD and the City added the name "Jet Sales, LLC" ("JS") to the caption of the lawsuit, without alleging factual or legal grounds to do so. JS has never been on the Tax Rolls of CAD and has never been assessed any tax liability by CAD.

33. The sheriff seized Lear Jet N277AL owned by JS a Nevada Limited Liability Company whose principal place of business is in Roswell, New Mexico.

34. The court record for the issuance of the Tax Warrant against JS reveals that the City and its counsel misled the court to add JS as a party liable for the taxes alleged to be due from JSW. No legal basis exists. This appears to be another piercing of the respective corporate veils by CAD's "umbrella."

35. The unlawful seizure continued for eighty-three (83) days with the stipulation that Lear Jet N277AL may not be moved or touched for maintenance or for any other purpose. The aircraft occupied valuable and needed space in ATI's hangar. Further JS was deprived of income from otherwise available charter flights. Damage in excess of $386,000 was suffered, for which JS is litigating with the City.

36. The actions of the City, its counsel and the CAD constitute an unreasonable seizure in violation of the Fourth Amendment of the United States Constitution. The actions are a part of

a continuous course of dealing involving deceit and excessive aggression on behalf of the City and CAD in pursuit of JSW and any company that hangars an aircraft at ATI.

## JURISDICTION TO TAX

Section 11.01 of the TPTC provides in pertinent part as follows:

"…(c) This state has jurisdiction to tax tangible personal property if the property is:

(1) located in this state for longer than a **temporary period**;

(2) temporarily located outside this state and the **owner resides in this state**; or

(3) **used continually**, whether regularly or irregularly, in this state….

…(e) For purposes of Subsection (c)(3), property is considered to be used continually, whether regularly or irregularly, in this state if the property is used in this state three or more times on regular routes or for three or more completed assignments occurring in close succession throughout the year. For purposes of this subsection, a series of events are considered to occur in close succession throughout the year if they occur in sequence within a short period at intervals from the beginning to the end of the year."

37. Jurisdiction to tax does not exist based upon the aircraft being "…located in this state for longer than **a temporary period**…." (§ 11.01 (c)(1)) because when an aircraft is located at the maintenance facility of ATI located at the El Paso International Airport it is "…removed from air transportation service for repair, storage, or inspection…." (§ 21.05 (c)) "…Such aircraft is presumed to be in interstate, international, or foreign commerce and not located in this state for longer than a temporary period for purposes of Section 11.01 of this code." (id.) Further, the less that 1.5% Texas revenue departures is *per se* less than a temporary period.

38. Jurisdiction to tax base on the **residence of the owner** does not exist in that JSW resides outside the state of Texas. (§ 11.01(c)(2))

39. Jurisdiction to tax "…if the property is … (3) **used continually**, whether regularly or irregularly, in this state…" does not exist. (§ 11.01 (c)(3)) This provision, by the attempted clarification by § 11.01 (e), is rendered so confusing and ambiguous that it cannot be understood by persons of ordinary intelligence.

40. "In general, a statute is unconstitutionally vague if its prohibitions are not clearly defined, and it encourages arbitrary and erratic arrests and convictions." *Wagner v. State*, 539 S.W.3d 298, 313 (Tex. Crim. App. 2018) "A statute need not be mathematically precise to survive a vagueness challenge." *Roberts v. State*, 278 S.W.3d 778, 791 (Tex. App.—San Antonio 2008, pet. ref'd)." Instead, it must provide a person of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits." *Wagner*, 539 S.W.3d at 314. "In determining whether a statute is unconstitutionally vague, we interpret the plain meaning of the statute's language unless the language is ambiguous or the plain meaning leads to an absurd result." *Sanchez v. State*, 995 S.W.2d 677, 683 (Tex. Crim. App. 1999).

41. Texas Tax Code § 11.01(e) is unconstitutionally vague because even interpreting it based on the plain meaning of its words, persons of ordinary intelligence cannot tell what the statute requires.

42. What does it mean for "three or more regular routes" or "three or more completed assignments" to occur in close succession throughout the year? What is "close succession"? "Close succession" = events that "occur in a sequence within a short period at intervals from the beginning to the end of the year. An "interval" is "a space of time between events or states."

(Merriam-Webster Dictionary) Thus, this statute says that if an airplane is used in Texas on at least three regular routes or at least three completed assignments, and if the routes happen in close succession to one another, the airplane is taxable in Texas because it is considered to be used "continually" in the state. However, "close succession" is too vague to be understood. "Close succession" means the events occur within a short period, bounded by the beginning and end of the year. What is a "short period"? A day? A week? A few hours? Three months? It is impossible to read this paragraph under the plain meaning of its words and understand its meaning. It is thus unconstitutionally vague. This vagueness cuts against the state as well, as this paragraph seems to say that if an airplane is used on a regular route on December 30, December 31, and January 1, the state would not have jurisdiction, but if the dates were December 29, 30, and 31, the state would have jurisdiction. This is an absurd result.

## AWARD OF MONEY RECOVERY

43. The City and CAD have a duty to comply with the law and their own policies and procedures. Further, the City and CAD have an expressed and implied duty of good faith and fair dealing in their official public activities, including appraisal of property and collection of taxes.

44. The City's and CAD'S treatment of JSW, along with ATI and JS, breaches the duty to comply with the law, the duty of good faith and fair dealing and the promised performance duty arising from CAD'S Mission Statement, Philosophy and Moto.

45. JSW has suffered economic losses directly caused by the egregious and unlawful breach of those duties in an amount in excess of $300,000 to be proved at trial. (11 U.S. Code § 106 (a)(1) and (3)) JSW claim is property of the estate. (§ 106 (c)).

46.     Pursuant to 11 U.S. Code § 106, JSW request that the Court enter a judgment against the City and the CAD awarding a money recovery and for costs and fees. An assertion of sovereign immunity is abrogated with respect to a proceeding under Section 505, 11 U.S. Code. (11 U.S. Code § 106 (a)(1))

**WHEREFORE**, JSW requests that the City be cited to appear and answer, and that on final trial, the Court award judgment in favor of Jet Sales West:

1. Determining that Texas Property Tax Code § 11.01 (c)(1) does not grant to the state of Texas jurisdiction to tax Jet Sales West's personal property as being located in the state for longer than a temporary period;

2. Determining that Texas Property Tas Code § 11.01 (c)(2) does not grant to the state of Texas jurisdiction to tax Jet Sales West's personal property as if the owner resides in the state;

3. Determining that Texas Property Tax Code § 11.01 (c)(3) is unconstitutionally vague and therefore does not grant to the state of Texas jurisdiction to tax the personal property of Jet Sales West as being used continually in the state;

4. Determining that it is unconstitutional interference with interstate commerce for the appraisal office to allocate to the state the portion of the total market value of the aircraft that fairly reflects its use beyond the boundaries of the state of Texas;

5. Determining that it is a violation of Texas Property Tax Code § 21.05 to allocate to the state the portion of the total market value of the aircraft that fairly reflects its use beyond the boundaries of the state of Texas;

6. Determining that, if jurisdiction to tax exists, the amount of tax must be calculated in accordance with the allocation formula prescribed in Texas Property Tax Code § 21.05(b);

7. Ordering the removal of any claim of lien by the City on any aircraft or other property of the estate;

8. Determining the amount of the Claim of Jet Sales West against the City;

9. Awarding a judgment in favor of Jet Sales West against the City in the form prescribed by 11 U.S. Code §106; and

10. Awarding Jet Sales West its costs and fees pursuant to 11 U.S. Code §106;

11. Awarding Jet Sales West all such further relief to which it may be entitled.

Respectfully Submitted,

/s/ Larry G. Fields
Larry G. Fields, Esq.
NM Bar No. 800
2809 Riverside Dr.
Roswell, NM 88201
Tel. (915) 549-7566
FieldsLaw@me.com
Attorney for Plaintiff

## Jet Sales West LLC
## Aircraft Tax / Activity Report

**Property Tax Rate:** 2.959708

### 2017

| | Texas Departures | Allocable Portion | Aircraft Value | Total Taxes | Penalties* |
|---|---|---|---|---|---|
| N54NW | 87 | 1.49% | $552,985 | $243.82 | $113.16 |
| N824MG | 68 | 1.16% | $852,985 | $293.96 | $136.43 |
| N812RP | 3 | 0.05% | $1,800,000 | $27.37 | $12.70 |
| | | | $3,205,970 | $565.15 | $262.28 |
| | | | *Total Taxes & Penalties:* | | *$827.43* |

**Property Tax Rate:** 2.993367

### 2018

| | Texas Departures | Allocable Portion | Aircraft Value | Total Taxes | Penalties* |
|---|---|---|---|---|---|
| N54NW | 115 | 1.97% | $552,985 | $325.96 | $107.89 |
| N824MG | 108 | 1.85% | $752,985 | $416.83 | $137.97 |
| N812RP | 82 | 1.40% | $1,385,896 | $582.49 | $192.81 |
| N924PS | 0 | 0.00% | $995,000 | $0.00 | $0.00 |
| | | | $3,686,866 | $1,325.28 | $438.67 |
| | | | *Total Taxes & Penalties:* | | *$1,763.95* |

**Property Tax Rate:** 3.073562

### 2019

| | Texas Departures | Allocable Portion | Aircraft Value | Total Taxes | Penalties* |
|---|---|---|---|---|---|
| N54NW | 103 | 1.76% | $350,000 | $189.73 | $39.84 |
| N824MG | 78 | 1.34% | $625,000 | $256.57 | $53.88 |
| N924PS | 93 | 1.59% | $995,000 | $487.01 | $102.27 |
| N600AJ | 0 | 0.00% | $1,400,000 | $0.00 | $0.00 |
| | | | $3,370,000 | $933.30 | $195.99 |
| | | | *Total Taxes & Penalties:* | | *$1,129.30* |

**Property Tax Rate:** 3.122254

### 2020

| | Texas Departures | Allocable Portion | Aircraft Value | Total Taxes | Penalties* |
|---|---|---|---|---|---|
| N54NW | 0 | 0.00% | $350,000 | $0.00 | $0.00 |
| N824MG | 137 | 2.35% | $625,000 | $457.78 | $45.78 |
| N924PS | 61 | 1.04% | $995,000 | $324.50 | $32.45 |
| N600AJ | 70 | 1.20% | $1,400,000 | $523.94 | $52.39 |
| | | | $3,370,000 | $1,306.21 | $130.62 |
| | | | *Total Taxes & Penalties:* | | *$1,436.84* |

**Property Tax Rate:** 3.122254

### 2021

| | Texas Departures | Allocable Portion | Aircraft Value | Total Taxes | Penalties* |
|---|---|---|---|---|---|
| N54NW | 6 | 0.10% | $350,000 | $11.23 | $0.00 |
| N824MG | 109 | 1.87% | $625,000 | $364.22 | $0.00 |
| N924PS | 5 | 0.09% | $995,000 | $26.60 | $0.00 |
| N600AJ | 81 | 1.39% | $1,400,000 | $606.27 | $0.00 |
| | | | $3,370,000 | $1,008.32 | $0.00 |
| | | | *Total Taxes & Penalties:* | | *$1,008.32* |

\* Penalties calculated at 10% compounded annually

EXHIBIT A