| | | |
|---|---|---|
| In Re: § | | |
| § | | |
| Jet Sales West, LLC, § | Adv. Proc. No. 21-01014-t | |
| Chapter 11 § | | |
|     Debtor § | | |
| § | | |
| v. § | | |
| § | | |
| City of El Paso, El Paso Central § | Chapter 11 | |
| Appraisal District and Dinah L. § | | |
| Kilgore, Chief Appraiser, *in her* § | Lead Case: 20-12179-t11 | |
| *Individual capacity,* § | | |
|     Defendants § | | |

**EL PASO CENTRAL APPRAISAL DISTRICT AND DINAL L. KILGORE'S ORIGINAL ANSWER, PLEAS TO THE JURISDICTION & AFFIRMATIVE DEFENSE TO DEBTOR'S FIRST AMENDED COMPLAINT FOR DETERMINATION OF TAX LIABILITY AND FOR AWARD OF MONEY RECOVERY**

**TO THE HONORABLE U.S. BANKRUPTCY JUDGE:**

El Paso Central Appraisal District and Dinah L. Kilgore, Chief Appraiser, in her individual capacity[1], Defendants, hereby respond to each numbered paragraph of the Debtor's First Amended Complaint for Determination of Tax Liability and for Award of Money Recovery as follows:

**PRELIMINARY STATEMENT AND PLEAS TO THE JURISDICTION**

EPCAD is a political subdivision of the State of Texas charged with the administration of ad valorem tax appraisals. **EPCAD** is subject to the statutory requirements of the Texas Tax Code ("Tax Code") and the Texas Constitution which set forth the authority and procedures for administering the ad valorem tax system in El Paso County, Texas. As part of its duties, EPCAD is required to appraise all property within its boundaries for state ad valorem tax purposes and place such property on the appraisal roll. EPCAD initial step is to identify and locate all property within

---

[1] El Paso Central Appraisal Central District will be referred to as "EPCAD". Dinah L. Kilgore, in her individual capacity will be referred to as "Kilgore". EPCAD and Kilgore will be collectively referred to as "EPCAD Defendants"

its boundaries. Texas is a "non-disclosure" state for ad valorem purposes and taxpayers are not required to produce information to the appraisal district for ad valorem tax purposes. Because of this, an appraisal district must accomplish its task by using various means including, but not limited to, (a) physical inspections, (b) reviewing confidential renditions and non-confidential information provided by taxpayers and other individuals, (c) reviewing confidential and non-confidential information provided by third party commercial services such as multiple listing services (MLS); and (d) reviewing information obtained from governmental agencies. In spite of this, taxpayers who seek specialized tax treatment are required to provide information to the district in support of their claim. This specialized tax treatment includes exemptions, special valuations and/or allocations of value.

Debtor's Complaint omits critical steps from the administrative protest procedures before the El Paso County Appraisal Review Board ("ARB"). Debtor fails to detail that it filed three (3) administrative actions regarding the subject property with the ARB.

(a) Debtor untimely filed a protest over the 2018 tax year pursuant to Chapter 41 of the Texas Tax Code ("Code"). The ARB conducted a hearing to determine if good cause existed for the late filed protest. No good cause was found.

(b) Debtor file a "motion to correct" the appraisal roll pursuant to Chapter 25 of the Code. This motion specifically alleged the appraisal roll contained a clerical error or that the property did not exist in the form or location described in EPCAD's 2017 and 2018 appraisal rolls. Debtor failed to appear at the administrative hearing on the motion to correct.

(c) Debtor filed a third and final motion to correct the appraisal roll claiming that the appraisal rolls contained an error ownership or that the property did not exist

in the form or location described in EPCAD's 2017 - 2019 appraisal roll.

Debtor has not perfected an appeal or has forfeited its remedy due to nonpayment of taxes for all years at issue.

## PLEAS TO THE JURISDICTION

Debtor failed to timely pay taxes as required by the Texas Tax Code. *See* TEX. TAX CODE ANN. § 25.26 (Vernon 2019.) Accordingly, it has forfeited its remedy for nonpayment of taxes for all years at issue and this proceed must be dismissed.

Debtor failed to exhaust administrative procedures for the 2018 protest because it failed to appeal that determination to state district court as required by the Code. Debtor failed to exhaust administrative procedures for the 2017 and 2018 tax years in the first motion to correct because it failed to appear at the hearing and failed perfect any appeal to state district court as required by the Code. Debtor has twice reset the ARB hearings on its final motion to correct.

Plaintiff seeks an award of monetary damages against EPCAD for "appraisal of property". EPCAD incorporates the City's argument and briefing set forth in its Motion to Dismiss Debtor's First Amended Complaint Pursuant to Fed. R. Civ. P., Rule 12(b) (Fed. R. Bankr. P. 7012); and for Other Alternative Relief. Plaintiff's allegations for monetary damages are akin to a tort claim which this Court lacks jurisdiction under 28 U.S.C. §157(b)(2)(B). *See, Southwestern Bell Telephone Company v. Wilson,* 768 S.W.2d 755 (Tex. App. – Corpus Christi-Edinburg, 1988, writ denied). Since "core jurisdiction" does not extend to the liquidation or estimation of contingent and unliquidated personal injury or wrongful death claims pursuant to 28 U.S.C. §157(b)(2)(B), the same rational should apply to other contingent and unliquidated tort claims. *See, Jane Doe v. Isaac S. Martinez, d/b/a Great Western Truck Service (In re Martinez)*, 2010 WL 3075282 (July 15, 2010) (D. N.M. 2010). Since the Court lacks subject matter jurisdiction

to determine the claim for monetary damages alleged by Debtor, these allegations should be dismissed against EPCAD Defendants.

## MANDATORY ABSTENTION

The First Amended Complaint involves non-core proceedings (ones that otherwise could have been brought in other forums and are not dependent on the bankruptcy case for its existence), the doctrine of mandatory abstention under 28 U.S.C. §1334(c)(2) applies. *See, In re W.S.F. World Sports Fans, LLC.*, 367 B.R. 786, 794 (Bankr. N.M. 2007).

## EPCAD DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

1. EPCAD Defendants do not have sufficient information to admit or deny the allegations in paragraph 1 of the Plaintiff's First Amended Complaint.

2. The allegations in paragraph 2 of the Plaintiff's First Amended Complaint contains Plaintiff's conclusions of law regarding the jurisdictional basis for this action, to which no response is required.

3. The allegations in paragraph 3 of the Plaintiff's First Amended Complaint contains Plaintiff's conclusions of law regarding the jurisdictional basis for this action, to which no response is required. Insofar as an answer may be deemed necessary, EPCAD Defendants deny the allegations upon which Plaintiff claims it is entitled to relief. Further EPCAD Defendants do not have jurisdiction to assess or collect "the amount and legality of the tax, fine, penalties, or addition to tax and interest".

## RELEVANT FACTS

4. EPCAD Defendants do not have sufficient information to admit or deny the allegations in paragraph 4 of the Plaintiff's First Amended Complaint.

5. EPCAD Defendants do not have sufficient information to admit or deny the allegations in paragraph 5, sentence 1 of the Plaintiff's First Amended Complaint. The second sentence of this paragraph contains Plaintiff's conclusions of law to which no response is required, but insofar as an answer is deemed necessary, EPCAD Defendants deny the allegations upon which Plaintiff claims it is entitled to relief.

6. Paragraph 6 of Plaintiff's First Amended Complaint contains Plaintiff's conclusions of law to which no response is required, but insofar as an answer is deemed necessary, EPCAD Defendants deny the allegations upon which Plaintiff claims it is entitled to relief.

7. EPCAD Defendants do not have sufficient information to admit or deny the allegations in paragraph 7 of the Plaintiff's First Amended Complaint.

8. Paragraph 8 of Plaintiff's First Amended Complaint contains Plaintiff's conclusions of law regarding the jurisdiction of the City to tax personal property to which no response is required, but insofar as an answer is deemed necessary, EPCAD Defendants deny the allegations upon which Plaintiff claims it is entitled to relief.

9. EPCAD Defendants admit that paragraph 9 of Plaintiff's First Amended Complaint contains an excerpt of Section 11.01 of the Texas Tax Code. EPCAD respectfully refers this court to TEX. TAX CODE ANN. § 11.01 (Vernon 2019).

10. EPCAD Defendants do not have sufficient information to admit or deny the allegations in paragraph 10 of the Plaintiff's First Amended Complaint. EPCAD does not assess or collect taxes in this matter.

11. EPCAD Defendants admit that paragraph 11 of Plaintiff's First Amended Complaint contains an excerpt of Section 11.01 of the Texas Tax Code. EPCAD respectfully refers this court to TEX. TAX CODE ANN. § 11.01 (Vernon 2019).

12. EPCAD Defendants do not have sufficient information to admit or deny the allegations in paragraph 12 of the Plaintiff's First Amended Complaint. EPCAD does not assess or collect taxes in this matter. Plaintiff's First Amended Complaint did not include an "Exhibit A" as alleged in paragraph 12.

13. EPCAD Defendants deny the allegations contained in the first and fourth sentence of paragraph 13 of Plaintiff's First Amended Complaint. EPCAD Defendants do not have jurisdiction to assess or assess taxes. EPCAD Defendants deny they "simply taxed 100% of the value". The remainder of this paragraph contains plaintiff's characterization of this action to which no answer is required, but insofar as an answer may be deemed necessary, EPCAD Defendants deny the allegations upon which Plaintiff claims it is entitled to relief.

14. Paragraph 14 of Plaintiff's First Amended Complaint contains Plaintiff's characterization of this action and conclusions of law to which no response is required, but insofar as an answer is deemed necessary, EPCAD Defendants deny the allegations upon which Plaintiff claims it is entitled to relief.

15. EPCAD Defendants deny any "actual knowledge" of Plaintiff's operations as contained in sentence 1 of paragraph 15 of Plaintiff's First Amended Complaint. EPCAD Defendants admit sentence 2 of paragraph 15 because it does not assess or collect taxes related to the property in this matter. EPCAD Defendants do not have sufficient information to admit or deny the allegations in sentence 3 paragraph 15 regarding the Plaintiff's reliance and motivation for acquiring its aircraft. EPCAD Defendants deny sentence 5 of paragraph 15 where Plaintiff alleges EPCAD failed to deliver notice and provide a hearing to Plaintiff. Sentence s7 & 8 of paragraph 15 contain Plaintiff's conclusions of law to which no response

is required, but insofar as an answer is deemed necessary, EPCAD Defendants deny the allegations upon which Plaintiff claims it is entitled to relief.

16. EPCAD Defendants deny the allegations in paragraph 16on. EPCAD Defendants deny they began "aggressive collection practices". EPCAD Defendants do not have jurisdiction to assess or assess taxes.

17. Paragraph 17 of Plaintiff's First Amended Complaint contains Plaintiff's characterization of this action and conclusions of law to which no response is required, but insofar as an answer is deemed necessary, EPCAD Defendants deny the allegations upon which Plaintiff claims it is entitled to relief.

18. Plaintiff's First Amended Complaint does not include a paragraph 18.

19. EPCAD Defendants deny sentences 2, 3 and 4 of paragraph 19. The El Paso County Appraisal Review Board ("ARB") scheduled a hearing to determine if good cause existed Plaintiff's 2017 protest for PID 673900 that was untimely filed on June 27, 2018. Plaintiffs appeared at such hearing. The ARB determined good cause did not exist for the untimely filed protest. Plaintiff subsequently filed a motion to correct related to PID 673900 with the ARB on July 17, 2018. Plaintiff was given notice of the hearing on this motion but failed to appear. The remainder of this paragraph contains Plaintiff's characterization of this action and conclusions of law to which no response is required, but insofar as an answer is deemed necessary, EPCAD Defendants deny the allegations upon which Plaintiff claims it is entitled to relief.

20. EPCAD Defendants deny paragraph 20. Plaintiff failed to meet deadlines regarding market value, allocation, interstate commerce related to PID 673900 because it failed to timely file a 2017 protest or request allocation. The El Paso County Appraisal Review Board ("ARB")

scheduled a hearing to determine if good cause existed for Plaintiff's 2017 protest that was untimely filed on June 27, 2018. Plaintiffs appeared at such hearing. The ARB determined good cause did not exist for the untimely filed protest. Plaintiff subsequently filed a motion to correct related to PID 673900 with the ARB on July 17, 2018. Plaintiff was given notice of the hearing on this motion but failed to appear.

21. EPCAD Defendants do not have sufficient information to admit or deny the allegations in paragraph 21 of the Plaintiff's First Amended Complaint.

22. Paragraph 22 of Plaintiff's First Amended Complaint contains Plaintiff's conclusions of law regarding its claims in this proceeding to which no response is required but insofar as an answer is deemed necessary, EPCAD Defendants deny the allegations upon which Plaintiff claims it is entitled to relief.

23. EPCAD Defendants deny the allegations in Paragraph 23 of Plaintiff's First Amended Complaint but insofar as an answer is deemed necessary, EPCAD Defendants deny the allegations upon which Plaintiff claims it is entitled to relief.

## FIRST *EX PARTE* TAX WARRANT

24. EPCAD Defendants deny any allegations they were a party to or a part of any tax warrant proceedings. EPCAD Defendants do not jurisdiction to assess or collect taxes. EPCAD Defendants do not have sufficient information to admit or deny the allegations in paragraph 24 of the Plaintiff's First Amended Complaint.

25. EPCAD Defendants deny ATI, Jet, Inc. timely filed a notice of protest as set forth in paragraph 25 of Plaintiff's First Amended Complaint. EPCAD Defendants admit ATI, Jet, Inc. filed a late notice of protest for the 2017 tax year on June 27, 2018.

26. EPCAD Defendants deny the allegations in paragraph 26 of Plaintiff's First Amended Complaint. The only hearing which has occurred regarding the property at issue (PID 673900) is the good cause hearing of July 17, 2018.

27. EPCAD Defendants deny the allegations in paragraph 27 of Plaintiff's First Amended Complaint. The only hearing which has occurred regarding the property at issue (PID 673900) is the good cause hearing of July 17, 2018.

28. EPCAD Defendants do not have sufficient information to admit or deny the allegations in paragraph 28, sentence 1 & 2 of the Plaintiff's First Amended Complaint. The balance of this paragraph consists of questions and conclusory statements which require no response.

29. Plaintiff's First Amended Complaint does not include a paragraph 29

30. EPCAD Defendants admit a hearing on "good cause" on Plaintiff's late filed protest related to PID 673900 was scheduled for July 17, 2018, as set forth in paragraph 30 of Plaintiff's First Amended Complaint. EPCAD Defendants admit such a hearing was conducted and the El Paso County Appraisal Review Board did not find good cause. EPCAD Defendants admit Plaintiff filed a section 25.25 motion to correct the appraisal roll related to PID 673900. EPCAD Defendants deny such motion was to determine jurisdiction to tax, valuation if jurisdiction existed and any taxes due. Such motion was based on Plaintiff's claim the appraisal roll contained a clerical error or that the property did not exist in the form or location described in EPCAD's appraisal roll. EPCAD Defendants deny sentences 4 and 5 of paragraph 30. A hearing was scheduled on Plaintiff's 25.25 motion on January 22, 2019 related to PID 673900 but Plaintiff failed to appear at the hearing.

31. EPCAD Defendants do not have sufficient information to admit or deny the allegations in paragraph 31. Plaintiff does not specify which hearing it refers to in this paragraph. EPCAD

EPCAD Defendants' Original Answer, Pleas to the Jurisdiction and Affirmative Defenses; Page 9
Case 21-01014-t    Doc 20    Filed 07/08/21    Entered 07/08/21 16:26:53 Page 9 of 16

Defendants admit Plaintiff file three (3) administrative appeals regarding the property with the El Paso County ARB. EPCAD Defendants admit Plaintiff made a request for such documents for the hearing on good cause related to PID 673900 and scheduled for July 18, 2018.

32. EPCAD Defendants admit the documents in Paragraph 32 of Plaintiff's First Amended Complaint and requested by Plaintiff were not provided because Plaintiff failed to submit payment for them as required.

33. Paragraph 33 of Plaintiff's First Amended Complaint contains Plaintiff's conclusions of law regarding its claims in this proceeding to which no response is required.

## THE SECOND *EX PARTE* TAX WARRANT

34. EPCAD Defendants deny any allegations they were a party to or a part of any tax warrant proceedings. EPCAD Defendants do not jurisdiction to assess or collect taxes. EPCAD Defendants do not have sufficient information to admit or deny the allegations in paragraph 34 of the Plaintiff's First Amended Complaint. Insofar as an answer may be deemed necessary, EPCAD Defendants deny the allegations upon which Plaintiff claims it is entitled to relief.

35. EPCAD Defendants deny any allegations they were a party to or a part of any tax warrant proceedings. EPCAD Defendants do not jurisdiction to assess or collect taxes. EPCAD Defendants do not have sufficient information to admit or deny the allegations in paragraph 35 of the Plaintiff's First Amended Complaint. Insofar as an answer may be deemed necessary, EPCAD Defendants deny the allegations upon which Plaintiff claims it is entitled to relief.

36. EPCAD Defendants deny any allegations they were a party to or a part of any tax warrant proceedings. EPCAD Defendants do not have jurisdiction to assess or collect taxes. EPCAD Defendants do not have sufficient information to admit or deny the allegations in paragraph 36 of the Plaintiff's First Amended Complaint. Paragraph 36, sentences 2 & 3 of Plaintiff's First Amended Complaint contain Plaintiff's conclusions of law regarding its claims in this proceeding to which no response is required. Insofar as an answer may be deemed necessary, EPCAD Defendants deny the allegations upon which Plaintiff claims it is entitled to relief.

37. EPCAD Defendants deny any allegations they were a party to or a part of any tax warrant proceedings. EPCAD Defendants do not have jurisdiction to assess or collect taxes. EPCAD Defendants do not have sufficient information to admit or deny the allegations in paragraph 37 of the Plaintiff's First Amended Complaint.

38. EPCAD Defendants deny any allegations they were a party to or a part of any tax warrant proceedings. EPCAD Defendants do not have jurisdiction to assess or collect taxes. Paragraph 38 of Plaintiff's First Amended Complaint contains Plaintiff's conclusions of law regarding its claims in this proceeding to which no response is required.

## **JURISDICTION TO TAX**

This unnumbered section of Plaintiff's First Amended Complaint contains a partial excerpt of section 11.01 of the Texas Tax Code which no response is required.

39. Paragraph 39 of Plaintiff's First Amended Complaint contains Plaintiff's conclusions of law regarding the jurisdictional basis for this action, to which no response is required. Insofar as an answer may be deemed necessary, EPCAD Defendants deny the allegations upon which Plaintiff claims it is entitled to relief.

40. Paragraph 40 of Plaintiff's First Amended Complaint contains Plaintiff's conclusions of law regarding the jurisdictional basis for this action, to which no response is required. Insofar as an answer may be deemed necessary, EPCAD Defendants deny the allegations upon which Plaintiff claims it is entitled to relief.

41. Paragraph 41 of Plaintiff's First Amended Complaint contains Plaintiff's conclusions of law regarding the jurisdictional basis for this action, to which no response is required. Insofar as an answer may be deemed necessary, EPCAD Defendants deny the allegations upon which Plaintiff claims it is entitled to relief.

42. Paragraph 42 of Plaintiff's First Amended Complaint contains Plaintiff's conclusions of law regarding the jurisdictional basis for this action, to which no response is required. Insofar as an answer may be deemed necessary, EPCAD Defendants deny the allegations upon which Plaintiff claims it is entitled to relief.

43. Paragraph 43 of Plaintiff's First Amended Complaint contains Plaintiff's conclusions of law regarding the jurisdictional basis for this action, to which no response is required. Insofar as an answer may be deemed necessary, EPCAD Defendants deny the allegations upon which Plaintiff claims it is entitled to relief.

44. Paragraph 44 of Plaintiff's First Amended Complaint contains Plaintiff's conclusions of law regarding the jurisdictional basis for this action, to which no response is required. Insofar as an answer may be deemed necessary, EPCAD Defendants deny the allegations upon which Plaintiff claims it is entitled to relief.

## **AWARD OF MONEY RECOVERY**

45. EPCAD Defendants admit they have a duty to comply with the law, policies, and procedures regarding the appraisal of property as set forth in paragraph 45 of Plaintiff's First Amended

Complaint. EPCAD Defendants deny they were a party to or a part of any tax collection proceedings or actions because they do not have jurisdiction to assess or collect taxes.

46. Paragraph 46 of Plaintiff's First Amended Complaint contains Plaintiff's conclusions of law and characterization of EPCAD Defendants' actions regarding the basis for its claim, to which no response is required. Insofar as an answer may be deemed necessary, EPCAD Defendants deny the allegations upon which Plaintiff claims it is entitled to relief.

47. Paragraph 47 of Plaintiff's First Amended Complaint contains Plaintiff's conclusions of law and characterization of EPCAD Defendants' actions regarding the basis for its claim, to which no response is required. Insofar as an answer may be deemed necessary, EPCAD Defendants deny the allegations upon which Plaintiff claims it is entitled to relief.

48. Paragraph 48 of Plaintiff's First Amended Complaint contains Plaintiff's conclusions of law and characterization of EPCAD Defendants' actions regarding the basis for its claim, to which no response is required. Insofar as an answer may be deemed necessary, EPCAD Defendants deny the allegations upon which Plaintiff claims it is entitled to relief.

## PLAINTIFF'S PRAYER FOR RELIEF

This section, including subparagraphs 1 through 10, contains Plaintiff's demand for relief to which an answer is not required, but insofar as an answer is deemed necessary, EPCAD Defendants deny plaintiffs are entitled to relief requested or to any relief whatsoever. EPCAD Defendants further deny any and all allegations in the Complaint not expressly admitted herein

## AFFIRMATIVE DEFENSES

1. By way of affirmative defense, **EPCAD** alleges that Debtor failed to timely pay taxes as required by the Texas Tax Code. *See* TEX. TAX CODE ANN. § 25.26 (Vernon 2019.)

2. By way of affirmative defense, **EPCAD** alleges the valuation, taxable status, allocation, or

description of the property may not be disturbed by this Court because Plaintiff failed to timely protest and perfect an appeal of EPCAD's determinations of these prior to the expiration of statutory deadlines. The Tax Code requires property owners to exhaust administrative remedies prior to filing a lawsuit. TEX. TAX CODE § 41.41 *et. seq.* (West 2019), TEX. TAX CODE ANN. § 25.25 (c) (Vernon 2019). Plaintiff failed to comply with this statute for any of these tax years at issue. This deprives this court of jurisdiction. Pursuant to section 505, "[t]he court may not so determine the amount or legality of any amount arising with an ad valorem tax on real or personal property of the estate, if the applicable period for contesting or re-determining that amount under any law (other than a bankruptcy law) has expired." 11 U.S.C. § 505(a)(2)(C). All non-bankruptcy deadlines have expired.

3. By way of affirmative defense, **Defendant Kilgore** shows that at all times made the basis of Plaintiffs lawsuit, that she was acting pursuant to her functions as an employee of the El Paso Central Appraisal District, within the course and scope of her employment and acting in "good faith" and therefore, she is entitled to official immunity, as a matter of law. A government employee being sued in her individual capacity can get protections under the doctrine of "official immunity" if such employee is acting (1) within the course and scope of his employment, (2) performing a discretionary duty and (3) acting in "good faith." *Wadewitz v. Montgomery*, 951 S.W.2d 464 (Tex. 1997).

Further, the doctrine of sovereign immunity prohibits a citizen's lawsuit against a governmental unit without consent of the state or without the state waiving this type of immunity. *Nueces County v. Ferguson*, 97 S.W.3d 205 (Tex. App. - Corpus Christi 2008). Sovereign Immunity is also known as governmental immunity, however it does not only apply to the state, but rather extends to the arms of the state, including agencies, universities, or

political subdivisions of the state, such as counties, cities, and school districts. *Id*. Governmental immunity can only be granted and extended to an employee when the employee is being sued on his official capacity and the employee's actions were not *ultra vires*. *Id*.

4. By way of affirmative defense, **Defendant Kilgore** further asserts her defense of absolute immunity and qualified immunity for Plaintiff's Amended Original Complaint.

**WHEREFORE,** for the foregoing reasons, EPCAD Defendants, respectfully pray that the Plaintiff take nothing from it on any theory of recovery and that the court dismiss it from this adversary proceeding and grant all other and further relief to which it may be entitled at law or in equity.

**PERDUE, BRANDON, FIELDER,**
**COLLINS & MOTT, L.L.P.**

/s/ Joseph T. Longoria
Joseph T. Longoria
SBN: 12544860
 jlongoria@pbfcm.com
1235 N. Loop West, Suite 600
Houston, Texas 77008
(713) 862-1860
(713) 869-0030 Facsimile
*Attorneys for El Paso Central*
*Appraisal District and Dinah L. Kilgore*


**GIDDENS & GATTON LAW, P.C**.

/s/Chris M. Gatton
10400 Academy NE, Suite 350
Albuquerque, NM 87111
Phone: (505) 271-1053
Facsimile: (505) 271-4848
Email: chris@giddenslaw.com
*Local Counsel for El Paso Central*
*Appraisal District and Dinah L. Kilgore*

# CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of July 2021, a true and correct copy of the foregoing El Paso Central Appraisal District and Dinah L. Kilgore's Original Answer, Pleas to the Jurisdiction & Affirmative Defense to Debtor's First Amended Complaint for Determination of Tax Liability and for Award of Money Recovery was served electronically by the Court's PACER system to all parties receiving such notices and/or by First Class Mail upon the following:

Debtor:
Jet Sales West. LLC
24 Western Briar Rd.
Roswell, NM 88201

Debtor's Attorney:
Larry Gayden Fields
7007 Boeing
El Paso, Texas 79925

United States Trustee:
Jaime A. Pena
Office of the U.S. Trustee
P.O. Box 608
Albuquerque, NM 87103-0608

/s/ Joseph T. Longoria,
Submitted electronically 7.8.21